[Civ. No. 3926.  Second Appellate District, Division Two.—March 20, 1924.]

## MAX GREEN, Respondent, v. MAX SHULMAN, Appellant.

[1] CONTRACTS—SALE OF PROPERTY—ASSIGNMENT OF LEASE—POSSES-SION OF ORIGINAL LEASE UNNECESSARY — DAMAGES. — An agreement, evidenced by a written bill of sale, by which one person sells to another a certain stock of goods and store fixtures and assigns to him a lease of the storeroom in which the articles are contained, becomes executed, so far as said assignment is concerned, the moment the agreement is signed and delivered; and the purchaser's rights under the assignment are as complete without the possession of the lease as they would be with it; and he may not predicate a claim of damages upon the failure of the seller to make delivery of the lease, where such was not his contract.

[2] ID.—DAMAGES—MISJOINDER OF CAUSES OF ACTION.—In an action upon such contract, where the plaintiff seeks to recover damages in a specified sum because of the failure of the defendant to make delivery of the original lease and, in the same count, in a further specified sum because of false representations by defendant that he could not make delivery of the lease because his landlord would not consent to a transfer thereof, as the result of which plaintiff paid rent to defendant and afterward was obliged to pay the rent to the landlord also, a demurrer on the ground that it attempts to allege two causes of action without separate statement, is good.

[3] ID.—ASSIGNMENT OF LEASE—CONSENT OF LANDLORD—PLEADING.— In such action, plaintiff's second alleged claim for damages was insufficient in that it failed to allege that the landlord's consent to the assignment of the lease was necessary.

[4] ID.—ISSUES—INSUFFICIENT FINDINGS.—In such action, a finding to the effect that, by reason of the failure of defendant to deliver the lease, plaintiff was greatly inconvenienced and prevented from making or entering into any negotiations for the sale of the store and the lease, and from conducting said store, and was annoyed and harassed by both the demands of defendant and the landlord for the payment of the rent on said premises for the same month, and plaintiff was compelled to sell out sooner than he otherwise would have, had he been given said lease, and the same had not been withheld from him by defendant, did not meet the issue tendered by the complaint as a basis for plaintiff's claim of damages and which was to the effect that plaintiff was "pre-

---

1.  See 3 Cal. Jur. 264.
2.  See 1 Cal. Jur. 345; 1 R. C. L. 362.
3.  See 16 R. C. L. 828.

vented" by the acts of defendant from making a sale and that those acts caused plaintiff to "lose a sale" to a particular person.

(1) 35 C. J., p. 994, sec. 91 (1926 Anno.).    (2) 31 Cyc., p. 293 (1926 Anno.).    (3) 36 C. J., p. 392, sec. 1286 (1926 Anno.).    (4) 35 C. J., p. 1001, sec. 106 (1926 Anno.).

APPEAL from a judgment of the Superior Court of Los Angeles County. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

Harry G. Sadicoff for Appellant.

J. W. Satterwhite for Respondent.

WORKS, J.—It is alleged in the complaint in this action that plaintiff and defendant entered into a certain agreement, evidenced by a written bill of sale, by which defendant sold to plaintiff a certain stock of goods and store fixtures and assigned to him a lease of the storeroom in which the articles were contained; that defendant failed and refused, without reason, to deliver the lease to plaintiff, "thereby preventing plaintiff from making a sale and transfer of said property and lease, and did cause plaintiff on or about February 1st, 1921, to lose a sale to a purchaser of said property and lease, thereby causing plaintiff damage to and in the sum of $1000.00"; that on a day named defendant fraudulently made to plaintiff the false and untrue statement that he, the defendant, "could not deliver the said original lease because his landlord would not consent to a transfer thereof"; that plaintiff relied upon the untrue statement "and he was deceived thereby into paying to defendant the sum of $35.00 rent for the premises . . . for the month of February, 1921"; that defendant was not entitled to the rent, nor was it due him, "and his collection thereof from plaintiff was fraudulent, to plaintiff's further damage in the sum of $35.00"; and that plaintiff was thereafter compelled "to again pay said rent for said month of February to the landlord and owner of said building, under threat of losing the possession thereof and forfeiting said lease." The prayer was for judgment for damages for $1,035. The answer consists wholly of denials. Plaintiff had judgment for $250 and defendant appeals.

[1] The complaint fails to state a cause of action. Each

item of damages is claimed upon the theory that appellant was bound to make delivery of the lease. Such was not his contract. The assignment made transfer to respondent of the entire title of appellant under the lease and the assignment became executed the moment it was delivered (3 Cal. Jur., tit. "Assignments," sec. 21). Therefore, not only did appellant not agree to make physical transfer of the lease, but respondent's rights under the assignment were as complete without the possession of the instrument assigned as they would have been with it.

[2] The complaint was demurred to on the ground that it attempts to allege two causes of action without separate statement. This point is good. We do not decide that the joinder would have been proper even if the two causes had been separately stated.

[3] The second alleged cause of action, the one for damages for $35, is insufficient for the reason that it fails to allege that the lessor's consent was necessary to an assignment of the lease. This point is not made by appellant, but we do not hesitate to mention it, as the points which are presented by him necessitate a reversal of the judgment.

[4] The trial court failed to find upon the issue tendered by the complaint as a basis for the claim for damages in the sum of $1,000. As to that item of damages the court found only "That by reason of the failure of defendant to deliver said lease to plaintiff, he, the said plaintiff, was greatly inconvenienced and prevented from making or entering into any negotiations for the sale of said store and said lease thereon mentioned in the contract aforesaid, and from properly conducting said store, and was annoyed and harassed by both the demands of said defendant and the landlord for the payment of the rent on said premises for the same month under said lease, and plaintiff was compelled to sell out sooner than he otherwise would have, had he been given said lease by said defendant, and the same had not been withheld from him by said defendant." This finding did not meet the issue, as it is not a finding that respondent was "prevented" by the acts of appellant from making a sale, or that those acts caused respondent to "lose a sale" to a particular person.

Judgment reversed.

Finlayson, P. J., and Craig, J., concurred.

.A petition for a rehearing of this cause was denied by the district court of appeal on April 16, 1924, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1924.